IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

UNITED STATES OF AMERICA,

     Plaintiff

     v.

YANYI NG,

     Defendant.

CRIMINAL NO. 08-123 (JAG)

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION RE: RULE 11(c)(1)(B) GUILTY PLEA HEARING

### I.    Procedural Background

On March 31, 2008, defendant Yanyi Ng was charged in a one-count information. She agrees to plead guilty to that count.

Count One charges that Ms. Ng, on or about May 11, 2006, having knowledge of the actual commission of a felony cognizable by a court of the United States, namely, that knowing and in reckless disregard of the fact that an alien had come to, entered, and remained in the United States in violation of law, attempted to transport said alien within the United States by means of transportation or otherwise, did conceal the same by delivering funds to individuals who transported the alien, and did not as soon as possible make known the same to some judge or other person in civil or military authority under the United States. In violation of Title 18, United States Code, Section 4.

Defendant appeared before me, assisted by the court interpreter, on March 31, 2008, since the Rule 11 hearing was referred by the court. See United States v. Woodard, 387 F.3d 1329 (11th Cir. 2004) (magistrate judge had authority to conduct Rule 11 guilty plea hearing with consent of defendant). She was advised of the purpose of the hearing and placed under oath with instructions that her answers must be truthful lest she would subject herself to possible charges of perjury or making a false statement.

## II.      Consent to Proceed Before a Magistrate Judge

Defendant was provided with a Waiver of Right to Trial by Jury form, which she signed. [1] She confirmed that her attorney, through an interpreter, explained and translated the form into Chinese before she signed it. She was advised of her right to hold all proceedings, including the change of plea hearing, before a district court judge. She received an explanation of the differences between the scope of jurisdiction and functions of a district judge and a magistrate judge. She was informed that if she elects to proceed before a magistrate judge, then the magistrate judge will conduct the hearing and prepare a report and recommendation, subject to review and approval of the district judge. The defendant then voluntarily consented to proceed before a magistrate judge.

## III.     Proceedings Under Rule 11 of the Federal Rules of Criminal Procedure

Rule 11 of the Federal Rules of Criminal Procedure governs the acceptance of guilty pleas to federal criminal violations. Pursuant to Rule 11, in order for a plea of guilty to constitute a valid waiver of the defendant's right to trial, the guilty plea must be knowing and voluntary. United States v. Hernández-Wilson, 186 F.3d 1, 5 (1st Cir. 1999). "Rule 11 was intended to ensure that a defendant who pleads guilty does so with an 'understanding of the nature of the charge and consequences of his plea.'" United States v. Cotal-Crespo, 47 F3d 1, 4 (1st Cir. 1995) (quoting McCarthy v. United States, 394 U.S. 459, 467 (1969)). There are three core concerns in a Rule 11 proceeding: 1) absence of coercion; 2) understanding of the charges; and 3) knowledge of the consequences of the guilty plea. Cotal-Crespo, 47 F3d at 4 (citing United States v. Allard, 926 F2d 1237, 1244 (1st Cir. 1991)).

### A.      Competence to Enter a Guilty Plea

This magistrate judge questioned the defendant about her age, education, employment, history of any treatment for mental illness or addiction, use of any medication, drugs, or alcohol, and her understanding of the purpose of the hearing, all in order to ascertain her capacity to understand,

---

[1]  The form entitled Consent to Proceed Before a United States Magistrate Judge in a Felony Case for Pleading Guilty (Rule 11, Fed.R.Crim.P.) and Waiver of Jury Trial, signed and consented by both parties is made part of the record.

answer and comprehend the change of plea colloquy. The court confirmed that the defendant

received the information and fully discussed the charge with her attorney, and was satisfied with the

advice and representation she received.  The court further inquired whether defendant's counsel or

counsel for the government had any doubt as to her capacity to plead, receiving answers from both

that the defendant was competent to enter a plea.  After considering the defendant's responses, and

observing her demeanor, a finding was made that Ms. Ng was competent to plead and fully aware

of the purpose of the hearing.

### B.   Maximum Penalties

Upon questioning, the defendant expressed her understanding of the maximum penalties

prescribed by statute for the offense to which she was pleading guilty (a class E felony), namely: a

term of imprisonment of not more than three years, and a fine of not more than $250,000.00, or both.

The defendant also understood she could be sentenced to a term of supervised release of not more

than one year and that a Special Monetary Assessment of $100.00 would be imposed, to be deposited

in the Crime Victim Fund, pursuant to Title 18, United States Code, §3013(a).  The court explained

the nature of supervised release and the consequences of revocation.  The defendant indicated that

she understood the maximum penalties for Count One and the potential consequences of the guilty

plea.

### C.   Plea Agreement

Ms. Ng was shown her plea agreement, which is part of the record, and identified her initials

on each page and her signature on the last three pages. She confirmed that she had the opportunity

to read and discuss the plea agreement with her attorney before she signed it, that her attorney

translated it into Chinese, that it represented the entirety of her understanding with the government,

that she understood its terms, and that, with one exception, discussed below, no one had made any

other or different promises or assurances to induce her to plead guilty.  The defendant was then

admonished, pursuant to Fed. R. Crim. P. 11(c)(1)(B), and expressed her understanding, that the

terms of the plea agreement are merely recommendations to the court, and that the district judge who

will preside over the sentencing hearing can reject the recommendation without permitting the defendant withdraw her guilty plea, and impose a sentence that is more severe than the defendant might anticipate.

The parties' sentencing calculations and recommendations appear in the plea agreement, and were explained in open court. In particular, the parties agreed that the Base Offense Level should be Four pursuant to U.S.S.G. §2X4.1; pursuant to U.S.S.G. §3E1.1, the parties agree to a two-level reduction for acceptance of responsibility. The parties agree to a total offense level of Two, which carries a Guideline Sentencing range of zero to six months assuming a criminal history category of I. The parties agree to recommend a sentence of time served. No stipulation was made as to criminal history. The parties agree to recommend a sentence of three years probation. The government further agrees, at sentencing, to move for dismissal of the indictment against the defendant in Crim. No. 07-455 (JAG). The defendant confirmed that the plea agreement contains the sentencing recommendations she agreed to with the government.

The defendant was specifically informed that any sentencing calculations contained in the plea agreement were not binding for the sentencing court, but were only estimates of possible terms of her sentence, and that the court, after considering the applicable Sentencing Guidelines, could impose a sentence different from any estimate in the plea agreement or provided by her attorney, and that the court had authority to impose a sentence that is more severe or less severe than the sentence called for by the Sentencing Guidelines. The defendant was advised, and understood, that the Sentencing Guidelines are no longer mandatory and are thus considered advisory, and that during sentencing the court will consider the sentencing criteria found at 18, United States Code, Section 3553(a).

The defendant was advised that under some circumstances she or the government may have the right to appeal the sentence the court imposes. The defendant was further informed, and professed to understand, that the plea agreement contains a waiver of appeal provision under which the defendant agreed to waive her right to appeal the judgement and sentence if the court accepts the plea agreement and sentences her pursuant to its terms, conditions and recommendation.

### D.    Waiver of Constitutional Rights

The defendant was specifically advised that she has the right to persist in a plea of not guilty, and if she does so persist that she has the right to a speedy and public trial by jury, or before a judge sitting without a jury if the court and the government so agree; that at trial she would be presumed innocent and the government would have to prove her guilt beyond a reasonable doubt; that she would have the right to assistance of counsel for her defense, and if she could not afford an attorney the court would appoint one to represent her throughout all stages of the proceedings; that at trial she would have the right to hear and cross examine the government's witnesses, the right to decline to testify unless she voluntarily elected to do so, and the right to the issuance of subpoenas or compulsory process to compel the attendance of witnesses to testify on her behalf. She was further informed that if she decided not to testify or put on evidence at trial, her failure to do so could not be used against her, and that at trial the jury must return a unanimous verdict before she could be found guilty. The defendant specifically acknowledged understanding these rights, and understanding that by entering a plea of guilty there would be no trial and she will be waiving or giving up the rights that the court explained.

The defendant further waived her right to be prosecuted by indictment, and agreed to be charged by information.

The defendant was informed that parole has been abolished and that any sentence of imprisonment must be served. Defendant was additionally informed that a pre-sentence report would be prepared and considered by the district judge at sentencing, and that the defense and the government would be allowed to correct or object to any information contained in the report which was not accurate. The defendant confirmed that she understood these consequences of her guilty plea.

### E.    Factual Basis for the Guilty Plea

Defendant was read in open court Count One of the information and provided an explanation of the elements of the offense. The meaning of terms used in the information was explained.

Upon questioning, the government presented to this magistrate judge and to defendant a summary of the basis in fact for the offense charged in Count One and the evidence the government

had available to establish, in the event defendant elected to go to trial, the defendant's guilt beyond a reasonable doubt.   The defendant was able to understand this explanation and agreed with the government's submission as to the evidence which could have been presented at trial.

### F.   Voluntariness

The defendant indicated that she was not being induced to plead guilty, but was entering such a plea freely and voluntarily because in fact she is guilty, and that no one had threatened her or offered a thing of value in exchange for her plea.   She acknowledged that no one had made any different or other promises in exchange for her guilty plea, other than the recommendations set forth in the plea agreement.   Throughout the hearing the defendant was able to consult with her attorney.

## IV.   Conclusion

The defendant, by consent, appeared before me pursuant to Rule 11 of the Federal Rules of Criminal Procedure, and entered a plea of guilty as to Count One of the information.

After cautioning and examining the defendant under oath and in open court concerning each of the subject matters mentioned in Rule 11, I find that the defendant, Yanyi Ng, is competent to enter this guilty plea, is aware of the nature of the offense charged and the maximum statutory penalties that it carries, understands that the charge is supported by evidence and a basis in fact, has admitted to the elements of the offense, and has done so in an intelligent and voluntary manner with full knowledge of the consequences of her guilty plea.   Therefore, I recommend that the court accept the guilty plea and that the defendant be adjudged guilty as to Count One of the information.

This report and recommendation is filed pursuant to 28 U.S.C. §636(b)(1)(B) and Rule 72(d) of the Local Rules of this Court. Any objections to the same must be specific and must be filed with the Clerk of Court within ten (10) days of its receipt.   Failure to file timely and specific objections to the report and recommendation is a waiver of the right to review by the district court. United States v. Valencia-Copete, 792 F.2d 4 (1st Cir. 1986).

**A sentencing hearing will be set by the presiding district judge.**

**IT IS SO RECOMMENDED.**

San Juan, Puerto Rico, this 31st day of March, 2008.

S/Bruce J. McGiverin
BRUCE J. McGIVERIN
United States Magistrate Judge